UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH GONZALEZ, | Case No. 1:18-cv-01001-JDP |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | THIRTY-DAY DEADLINE |

Plaintiff Ruth Gonzalez appealed defendant's decision denying her application for Social Security benefits by filing a complaint before this court on August 26, 2018. ECF No. 1. Plaintiff moved to proceed *in forma pauperis* the same day. ECF No. 2. The court granted plaintiff's motion and issued a summons. ECF Nos. 3, 4. On May 14, 2019, the court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute because plaintiff had not responded to a court order or submitted documents for service. ECF No. 6. Plaintiff responded and moved for an extension of time to effect service, which was granted on June 14, 2019. ECF No. 8. Once the complaint was served, defendant lodged the social security administrative record on November 27, 2019. ECF No. 13.

Per the scheduling order, plaintiff was to serve defendant with her letter brief and file proof of service thirty days after service of the administrative record. ECF No. 5, ¶3. However,

1

plaintiff never filed a proof of service of her letter brief.  On February 10, 2020, the court issued a second order to show cause why this case should not be dismissed for failure to prosecute.  ECF No. 14.  Plaintiff responded and offered to skip straight to filing a motion for summary judgment.  ECF No. 15.  On March 6, 2020, the court discharged the second order to show cause and granted plaintiff thirty days to file her motion for summary judgment or opening brief.  ECF No. 16.  Plaintiff failed, again, to comply with a court-ordered deadline.  Thus, the court issues its third order to show cause in this case.

To manage the docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines.  When a plaintiff fails to comply with court-imposed deadlines, we may dismiss the plaintiff's case for failure to prosecute.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiff one final opportunity to explain why the court should not dismiss the case for her repeated failures to prosecute and to produce either a motion for summary judgment or opening brief.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case.  Accordingly, plaintiff must show cause within thirty days of the date of entry of this order why the court should not dismiss her case for failure to prosecute.  Plaintiff must also file either a motion for summary judgment or opening brief.

IT IS SO ORDERED.

Dated:   April 15, 2020                                        _____
                                                                             UNITED STATES MAGISTRATE JUDGE

2